IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRASHUN JOHNSON,

                Plaintiff,

v.

MATTHEW FORYAN,

                Defendant.

OPINION and ORDER

23-cv-762-jdp

---

Plaintiff TraShun Johnson, proceeding without counsel, alleges that an Iron County lieutenant, defendant Matthew Foryan, falsely accused Johnson of yelling at his neighbors' children, after which he was arrested for disorderly conduct. Johnson was found not guilty of that charge at a jury trial. Johnson is proceeding on false arrest and malicious prosecution claims under the Fourth Amendment.

Foryan moves for summary judgment. Dkt. 18. The undisputed evidence shows that Foryan's belief that he had probable cause to arrest Johnson for disorderly conduct was objectively reasonable, which entitles Foryan to qualified immunity. I will grant the motion.

UNDISPUTED FACTS

The following facts are undisputed except where noted.

On January 4, 2023, at about 9:00 a.m., Foryan arrived at an apartment building in the Town of Mercer, Wisconsin to assist Deputy Tom Conhartoski, in response to a 911 call about a harassment complaint. Lynda Hagen, David Hagen, and their children lived in that building.

Foryan says that the 911 caller, Lynda Hagen, told him that Johnson yelled at her children earlier that morning, calling them profanities, and had played loud music from his

apartment. Dkt. 20 ¶ 4; Dkt. 20-1 at 1. Johnson attempts to dispute this fact, noting that Conhartoski's narrative report says that "Lynda stated [to Conhartoski] she did not [witness anything] due to being outside." Dkt. 23-1. But Johnson doesn't directly dispute that Lynda Hagen made this statement to Foryan, so the material fact is not genuinely disputed.

Foryan and Conhartoski proceeded to the Mercer School to interview the Hagens' three minor children. Dkt. 20 ¶ 7; Dkt. 20-3 at 4. Foryan says that the minor children corroborated Lynda Hagen's statement that Johnson had been yelling profanities and playing loud music from his apartment that morning. Dkt. 20-3 at 4–5. Johnson disputes the underlying facts of the disturbance with excerpts of trial testimony, but this evidence doesn't dispute that the minor children corroborated their mother's statement at the school interview with Foryan. *See* Dkt. 23-3; Dkt. 23-4.

After speaking with the minor children, Foryan went to a hotel speak with the Hagens' adult daughter, Violet E. Hagen. Dkt. 20 ¶ 4; Dkt. 20-1 at 2. Violet Hagen confirmed that she heard Johnson shout a profane term at the children, and that loud music was coming from his apartment that morning.

After their investigation, Foryan and Conhartoski agreed that there was probable cause to arrest Johnson for disorderly conduct. The officers arrested Johnson, who denied that he had yelled or sworn at anyone. Conhartoski wrote and signed the probable cause statement and judicial determination that day and sent it to the circuit court judge, who signed it. Foryan signed the criminal complaint alleging disorderly conduct against Johnson, which prosecutors filed.

ANALYSIS

Johnson is proceeding on false arrest and malicious prosecution claims under the Fourth Amendment based on the allegation that Foryan falsely stated in a probable cause affidavit that Johnson yelled at the Hagens' children, which led to his arrest for disorderly conduct. Dkt. 5 at 1–3.

I begin with the issue of probable cause because it is dispositive. Probable cause to arrest is an absolute defense to any claim against police officers for false arrest or malicious prosecution. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

Probable cause means that the circumstances that an officer is aware of are enough for a prudent person to believe that the suspect has committed an offense. *See United States v. Hill*, 818 F.3d 289, 294 (7th Cir. 2016). Even if an officer lacks probable cause to make an arrest, the officer is entitled to qualified immunity if his subjective belief that he had probable cause was objectively reasonable. *D.Z. v. Buell*, 796 F.3d 749, 755 (7th Cir. 2015). Where, as here, an officer has raised a defense of qualified immunity, the issue is whether he "actually had probable cause or, if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed." *Id.* In other words, the issue is whether the officer had "arguable probable cause" to make the arrest. *Id.*

In Wisconsin, the crime of disorderly conduct has two elements: (1) the defendant "engaged in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct"; and (2) the defendant's conduct "tends to cause or provoke a disturbance." *State v. Breitzman*, 2017 WI 100, ¶ 57 (quoting Wis. Stat. § 947.01(1)). "Profanity alone might satisfy the first element, but it does not likely satisfy the second element." *Id.*

Based on the undisputed facts, Foryan had at least arguable probable cause to arrest Johnson for disorderly conduct. Lynda Hagen and her four children each told Foryan that Johnson was yelling at her children, swearing at them, and playing loud music. This conduct occurred in the morning in a building in which other persons presumably lived, involved three minor children, and ended in a 911 call. There is no evidence that Johnson had a justification for engaging in that conduct (he denied it), much less that Foryan knew of any justification. Foryan could have objectively believed based on these facts that Johnson had engaged in profane, boisterous, or unreasonably loud conduct that tended to cause or provoke a disturbance. *Cf. Menier v. Thompson*, 85 F.3d 631, *2 (7th Cir. 1996) (yelling and swearing, and the lack of a justification to engage in that conduct, were factors supporting a disorderly conduct charge); *State v. Dowling*, 2016 WI App 88, ¶ 30 (yelling loud enough for neighbor to call police was a factor supporting disorderly conduct charge); *State v. Galarowicz*, 2013 WI App 13, ¶ 19 (yelling and swearing were factors supporting a disorderly conduct charge); *State v. Moore*, 212 Wis. 2d 242, at *3 (Ct. App. 1997) (shouting and repeated use of profanity were factors supporting disorderly conduct charge). Johnson hasn't identified any case, controlling or otherwise, in which a court has held in similar circumstances that an officer lacked probable cause to make an arrest.

Johnson contends that Foryan's motion relies on "unsubstantiated hearsay." Dkt. 23 at 2. But Foryan does not offer the statements of Lynda Hagen and her children to prove the truth of those matters, but to show that he had "information giving [him] probable cause to arrest [Johnson]." *See Cairel v. Alderden*, 821 F.3d 823, 830–31 (7th Cir. 2016). Johnson also contends that the statements of Lynda Hagen and her children are unreliable because they admitted that they didn't see him engage in that conduct. Dkt. 23 at 1–2. But the witnesses

4

didn't say they had seen Johnson do anything. And they were competent to say that they recognized Johnson's voice and could hear loud music coming from his apartment. Also, the witnesses corroborated each other, further supporting the reliability of those statements. Johnson hasn't shown that Foryan lacked an objectively reasonable basis to conclude that the witnesses' statements were reliable.

Johnson contends that racial discrimination motivated Foryan's conduct. Dkt. 23 at 2. I didn't allow Johnson to proceed on a racial discrimination claim, Dkt. 5 at 4, and I will not consider this claim again at this late stage. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.").

In his brief in opposition, Johnson asks for injunctive relief in addition to damages, and qualified immunity wouldn't bar a claim for injunctive relief. But I will not consider the claim for injunctive relief because Johnson asserted a claim for punitive damages only. *See* Dkt. 1 at 4. In any case, injunctive relief is not warranted because Johnson's claims involve past conduct only. *See Kress v. CCA of Tennessee, LLC*, 694 F.3d 890, 894 (7th Cir. 2012) (In a federal civil rights case, "injunctive relief is only proper if there is a *continuing* violation of federal law." (emphasis added)).

I will grant Foryan's motion for summary judgment. I will also order the clerk to seal several documents because the parties refer to the Hagens' minor children by name. *See* Fed. R. Civ. P. 5.2(a)(3).

ORDER

IT IS ORDERED that:

1. Defendant Matthew Foryan's motion for summary judgment, Dkt. 18, is GRANTED.

2. The clerk of court is directed to seal Dkts. 19, 20-1, 20-3, 21, 23, 23-1, 25, and 26.

3. The clerk of court is directed to enter judgment and close the case.

Entered April 3, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge